UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARON EZRA WESSEL, | No. 2:20-cv-2528 CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| SISKIYOU COUNTY, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

    Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. On May 5, 2021, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. § 1915A(a). The court dismissed the complaint for failure to state a claim upon which relief can be granted and granted leave to file an amended complaint. Plaintiff has now filed an amended complaint.

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

    In the amended complaint plaintiff blames Siskiyou County for providing false information to the California Department of Corrections (CDCR) indicating that plaintiff had

1

either been charged with or convicted of a sex offense. While it appears CDCR recognized the mistake shortly after plaintiff arrived in 2007 (ECF No. 10 at 8), plaintiff blames the fact that he was attacked by two inmates in 2019 (Id. at 24) on the incorrect information.  Plaintiff seeks damages for the attack.

As plaintiff knows from the court's prior screening order, municipalities cannot be held vicariously liable under § 1983 for the actions of their employees.  Monell v. Dep't of Social Services, 436 U.S. 585, 691, 694 (1978).  "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  Id. at 694.  Nothing before the court suggests that the provision of incorrect information to CDCR was the result of a Siskiyou County policy or custom as opposed to the independent and unauthorized actions of an employee.

For these reasons, the court will recommend that plaintiff's amended complaint be dismissed.  The court does not grant leave to amend a second time as that appears futile given the instructions given to plaintiff as to the contents of his amended complaint, and the contents of the amended complaint.  There does not appear to be any reasonable universe of facts upon which Siskiyou County can be liable for any of plaintiff's injuries.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's amended complaint be dismissed for failure to state a claim upon which relief can be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified

time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 16, 2021

                                                CAROLYN K. DELANEY
                                                UNITED STATES MAGISTRATE JUDGE

1
wess2528.frs